IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAD 2 PAD LOGISTICS &
CONSULTING LLC

      Plaintiff,

v.

MICHAEL HILL,

      Defendant.

Civil Action No. 2:23-cv-1011

Judge _____

JURY TRIAL DEMANDED

## COMPLAINT

Comes now Pad 2 Pad Logistics & Consulting, LLC, by and through its counsel, Robert C. James, and the law firm of Flaherty Sensabaugh Bonasso PLLC, and for its complaint against Michael Hill hereby states the following:

### THE PARTIES

1. Plaintiff Pad 2 Pad Logistics & Consulting, LLC ("Pad 2 Pad") is, and was at all times relevant to this Complaint, a Delaware limited liability company with its principal place of business situated in Monongalia County, West Virginia.

2. Defendant Michael Hill ("Hill") is, and was at all times relevant to this Complaint, a resident of Allegheny County, Pennsylvania, residing at 419 Shady Ave., Apartment #1, Bridgeville, Pennsylvania 15017.

### JURISDICTION AND VENUE

3. Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 2 above.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as this is a civil action wherein the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the defendant is a resident of Bridgeville, Pennsylvania, which is situate within the Court's judicial district.

## FACTUAL BACKGROUND

6. Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 5 above.

7. Pad 2 Pad provides oilfield services, such as water treatment and chemical supplies, to the oil and gas industry.

8. Hill previously worked in the oil and gas industry.

9. At previous times, Hill provided Pad 2 Pad leads for potential customers.

10. If such leads panned out, Pad 2 Pad would pay Michael Hill a commission based upon the sales generated.

11. As a result of this business relationship, Hill was set up as a vendor in Pad 2 Pad's accounting and financial systems.

12. Pad 2 Pad has paid any and all amounts due to Hill and has not owed him any funds since approximately March 14, 2023.

13. On March 27, 2023, Pad 2 Pad initiated a wire transfer for $87,408.25 to pay one of its vendors, a trucking company, for services provided.

14. Pad 2 Pad mistakenly used Hill's payment information for that wire transfer.

15. As a result, the $87,408.25 was transferred from Pad 2 Pad's bank account to Hill's bank account instead of to the appropriate vendor's account.

16. A few days later, Derek Reynolds, an agent of Pad 2 Pad, contacted Hill and let him know about the mistake.

17. At the latest, Derek Reynolds notified Hill on March 31, 2023, that Pad 2 Pad had transferred the $87,408.25 to him by mistake.

18. Over the next couple of weeks, Derek Reynolds and Hill spoke via text message on several occasions regarding Hill returning the money to Pad 2 Pad.

19. Hill stated on more than one occasion that he would return the $87,408.25.

20. On April 23, 2023, Ashleigh Reynolds, member of Pad 2 Pad, sent a letter to Hill demanding that he return the funds within five days of the date of the letter.

21. Ashleigh Reynolds sent the letter to Hill by email on April 23, 2023.

22. Since sending the April 23, 2023 letter, Pad 2 Pad has not heard from Hill.

23. Pad 2 Pad made a mistake in transferring money to Hill's account and Hill is fully aware of such mistake.

24. Hill must be aware of such mistake because Pad 2 Pad has told him about such mistake and Pad 2 Pad did not owe Hill any money.

25. Hill is currently holding money that belongs to Pad 2 Pad to which he has no legal right or claim.

## COUNT ONE – UNJUST ENRICHMENT

26. Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 25 above.

27. Hill was the recipient of the deposit of $87,408.25 into his bank account from Pad 2 Pad's bank account.

28. Pad 2 Pad mistakenly caused the transfer of those funds from its account to Hill's account.

29. Hill has received the $87,408.25.

30. Hill has refused to return the $87,408.25 to Pad 2 Pad.

31. Hill has no legal or equitable right to the money transferred to him.

32. Hill has no claim against Pad 2 Pad.

33. It would be unequitable for Hill to accept and retain the $87,408.25 given the fact that no money was owed to him, the transfer was a result of a mistake, and he has no legal or equitable interest in the money.

34. Pad 2 Pad has been injured by the mistaken transfer of funds.

35. Hill has been unjustly enriched by the mistaken transfer of funds.

## COUNT TWO – CONVERSION

36. Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 35 above.

37. Hill has taken control of the $87,408.25 Pad 2 Pad mistakenly transferred to his account.

38. Pad 2 Pad has notified Hill on multiple occasions that the transfer was a mistake and demanded that the funds be returned to it.

39. Hill has acknowledged that the funds belong to Pad 2 Pad and that he would return them.

40. Hill has failed to return the funds to Pad 2 Pad.

41. Hill is depriving Pad 2 Pad of the $87,408.25.

42. Hill has no legal justification for depriving Pad 2 Pad of the $87,408.25 or refusing to return such funds.

43. Hill has actual or constructive possession of the $87,408.25 or an immediate right to control of such money through his status as owner of his bank account.

44. Hill has converted the $87,408.25 to the detriment and harm of Pad 2 Pad.

### COUNT THREE – MONEY HAD AND RECEIVED

45. Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 44 above.

46. Pad 2 Pad mistakenly caused a transfer of $87,408.25 from its bank account to Hill's bank account.

47. The money has been transferred to Hill's bank account and is within his control.

48. Pad 2 Pad seeks to recover the transferred money.

49. Hill has refused to return the transferred money upon demand by Pad 2 Pad.

### COURT FOUR – PAYMENT BY MISTAKE

50. Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 49 above.

51. Pad 2 Pad erroneously paid Hill $87,408.25.

52. Such payment by Pad 2 Pad was a mistake.

53. Pad 2 Pad now seeks to recover the transferred money.

54. Hill has refused to return the transferred money upon demand by Pad 2 Pad.

WHEREFORE, Pad 2 Pad Logistics & Consulting, LLC, requests entry of judgment against Michael Hill in the amount of $87,408.25, plus pre- and post-judgment interest and costs, along with all other relief that the Court deems proper and just.

**A TRIAL BY JURY IS DEMANDED ON ALL APPROPRIATE ISSUES**

Dated this ___8___ day of June, 2023.

**PAD 2 PAD LOGISTICS & CONSULTING, LLC**
**By counsel:**

Robert C. James, Esq. (PA Bar #80393)
FLAHERTY SENSABAUGH BONASSO PLLC
1225 Market Street
P.O. Box 6545
Wheeling, WV 26003
T: 304-230-6600
F: 304-230-6610
rjames@flahertylegal.com